# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18 C 1376 |
| ICE CLEAR US, INC., ICE CLEAR EUROPE LIMITED, and INTERCONTINENTAL EXCHANGE, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Chicago Mercantile Exchange Inc. (CME) sued ICE Clear US, Inc., ICE Clear Europe Limited, and Intercontinental Exchange, Inc. for trademark violations, unfair competition, breach of contract, and deceptive practices. ICE Clear US and ICE Clear Europe have moved to dismiss the breach of contract claim in part, arguing that CME has failed to state a claim for breach of particular two contract provisions. The defendants have also moved to strike the allegations in the first amended complaint related to those alleged breaches.

## Background

CME is a corporation that provides financial and risk management services for commodity traders. It developed a method of assessing portfolio risk called the SPAN framework, and it owns four trademarks related to SPAN.

In June and July 2007, CME entered into license agreements with ICE Clear US

and ICE Clear Europe to allow them to use the SPAN marks for ten years. The license agreements were not renewed. CME alleges that after the agreements expired in 2017, the defendants continued to use the marks despite CME demanding that they cease.

In February 2018, CME sued the defendants for trademark violations, unfair competition, breach of contract, and deceptive practices. The defendants asserted the defense of abandonment of the trademarks. They alleged that the trademark registrations are invalid because CME had "engaged in naked licensing by licensing its marks . . . without the exercise of adequate control over the nature and quality of the licensed goods or services." ICE Clear US & Intercontinental Exch.'s Answer & Countercl., dkt. no. 30, at 23; ICE Clear Europe's Answer & Countercl., dkt. no. 35, at 21.

In response, CME amended its complaint to add new allegations in support of its breach-of-contract claim. Specifically, it alleges in the amended complaint that by contending that the marks were abandoned through naked licensing, the defendants admitted breaching two provisions of the license agreement. Those provisions require the defendants (1) to use "best efforts to protect the goodwill and reputation of" CME, including "high standards of accuracy in advertisements, brochures, and promotional and information materials using the SPAN Mark," First Am. Compl., dkt. no. 69, ¶ 37, and (2) to "'properly communicate' any claim of infringement of the SPAN Mark to CME in writing," *id.* ¶ 43.

ICE Clear US and ICE Clear Europe have moved to dismiss the breach of contract claim in part, alleging that CME has failed to state a claim for breach of the "best efforts" and notice provisions of the licensing agreements. It has also moved to

strike the allegations related to those alleged breaches.

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on the motion, the Court accepts as true the well pleaded-factual allegations in the complaint but not bare legal conclusions or recitals of the elements of a cause of action that are supported only by conclusory statements. *Id.*

The defendants first argue that CME cannot state a claim for breach of the "best efforts" and notice provisions because the owner of a trademark may not transfer its duty to exercise reasonable control over the nature and quality of the services for which a licensee uses the trademark. In support, they cite *Eva's Bridal Ltd. v. Halanick Enterprises, Inc.*, 639 F.3d 788 (7th Cir. 2011), in which the Seventh Circuit noted that "[t]rademark law requires that decisionmaking authority over quality remains with the owner of the mark." *Id.* at 791.

This argument is unavailing because it misconstrues the relevant case law. *Eva's Bridal* and similar cases describe the trademark owner's obligations to supervise the mark's use to avoid abandoning it. *See id.* at 789-90; *TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 885 (7th Cir. 1997) ("A trademark owner . . . can abandon all trademark rights through uncontrolled or 'naked' licensing.") They do not hold that contract terms like the provisions of the licensing agreement at issue in this motion are invalid or unenforceable. The rule that a trademark owner may not transfer its duty to supervise implicates only the continuing validity of the trademark, not the entirely

3

separate issue of whether the defendants are liable for breaching their contractual promises. *Eva's Bridal* therefore does not automatically foreclose the pertinent breach of contract claims.

The Court nonetheless concludes that CME has not alleged facts sufficient to state a plausible claim for breach of the "best efforts" and notice provisions of the licensing contracts. CME does not allege that it in fact abandoned its SPAN marks through naked licensing—presumably because that admission would undermine its trademark infringement claims. Its sole allegation of breach of the two provisions is that the defendants, in arguing that the marks had been abandoned, effectively admitted their own liability for breach of contract.

CME's allegation is insufficient to "allow[] the court to draw the reasonable inference that the defendant is liable" for either alleged breach. *Lewis v. City of Chicago*, No. 17-1510, 2019 WL 289104, at *2 (7th Cir. Jan. 23, 2019) (quoting *Iqbal*, 556 U.S. at 678). First, by asserting the defense of abandonment, the defendants neither acknowledged breaching the "best efforts" provision nor made an admission that would permit a reasonable inference of liability. To the contrary, under *Eva's Bridal*, the defendants' conduct has no bearing on whether CME engaged in naked licensing; that question depends exclusively on the actions or inaction of the trademark owner. *See Eva's Bridal*, 639 F.3d at 790-91. CME's contention that "[t]here can be no abandonment of rights in the SPAN Mark without some actions or inactions of Defendants ICE US and ICE Europe" is therefore unsupported by the facts alleged. 1st Am. Compl., dkt. no. 69, ¶ 42. Without any other allegations to support their claim that the defendants failed to use their best efforts as required under the contract, CME falls

short of stating a plausible basis for relief.

Second, the defendants did not admit to breaching the notice provision, nor do CME's factual allegations allow a reasonable inference of breach. CME alleges only that it "is not aware of any [] written communications from ICE US or ICE Europe" informing CME of an infringement claim. First Am. Compl., dkt. no. 69, ¶ 43. The unstated assumption accompanying this allegation seems to be that because the defendants asserted the defense of abandonment, trademark infringements must have occurred that the defendants in turn were obligated to report. That assumption is baseless; naked licensing arises not when unlicensed users infringe a trademark but rather when the trademark owner fails to properly supervise the use of the mark by licensees. *See Eva's Bridal*, 639 F.3d at 790-91. The fact that the defendants asserted the abandonment defense therefore does not support an inference that unreported infringements took place. And because CME does not allege any additional infringements of its trademarks by a third party, the first amended complaint contains no allegations that would make a claim of breach of the notice provision plausible.

CME cites several district court decisions that it contends support the conclusion that it has adequately pleaded breach. None of these cases is availing, however, because they involve far more specific factual allegations than the ones in CME's amended complaint. In *Axiom Insurance Managers Agency, LLC v. Indemnity Insurance Corp.*, No. 11 C 2051, 2011 WL 3876947 (N.D. Ill. Sept. 1, 2011), for example, the plaintiff alleged that the defendant disclosed information to specific entities in violation of a settlement agreement. *Id.* at *11. Although the plaintiff did not identify which provisions of the agreement the defendant had breached, the factual allegations it

5

did plead were immeasurably more detailed than what CME has offered, in that the plaintiff pointed to particular pieces of information allegedly given to certain companies and regulatory bodies. *See id.* Even under the liberal standard of notice pleading, CME has failed to point to a case where purely conclusory and unexplained allegations of the kind it offers in its amended complaint were deemed sufficient to state a claim.

Because CME has not stated a claim for breach of the "best efforts" and notice provisions, the Court concludes that dismissal of the breach of contract claim in count four is appropriate to the extent that it relies on those alleged breaches. In addition, because those alleged breaches do not state a plausible claim for relief, the Court finds that they are immaterial under Federal Rule of Procedure 12(f) and grants the defendants' motion to strike the allegations.

### Conclusion

For the foregoing reasons, the Court grants the defendants' partial motion to dismiss count four and motion to strike paragraphs 37, 40-43, and 84-87 of the first amended complaint [dkt. no. 70]. The Court directs defendants to answer the remainder of the first amended complaint by no later than February 15, 2019.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 1, 2019