# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ICE CLEAR US, INC., ICE CLEAR EUROPE ) <br> LIMITED, and INTERCONTINENTAL ) <br> EXCHANGE, INC., ) <br> ) <br> Defendants. ) | Case No. 18 C 1376 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Chicago Mercantile Exchange Inc. (CME) has sued ICE Clear US, Inc., ICE Clear Europe, Limited, and Intercontinental Exchange, Inc. (ICE) for trademark violations, unfair competition, breach of contract, and deceptive practices. The defendants have asserted counterclaims. Each side moved for partial summary judgment, and the Court issued an opinion in which it ruled on those motions. CME has moved to alter the Court's opinion.

## Background

The Court assumes familiarity with this case's factual and procedural background, which the Court has described in prior written opinions. *See Chi. Mercantile Exch. Inc. v. ICE Clear US, Inc.*, No. 18 C 1376, 2020 WL 1042038, at *1–3 (N.D. Ill. Mar. 4, 2020) ("*CME 2*"); *Chi. Mercantile Exch. Inc. v. ICE Clear US, Inc.*, No. 18 C 1376, 2019 WL 414663, at *1 (N.D. Ill. Feb. 1, 2019).

The Court summarizes the factual and procedural history relevant to the present motion as follows. The parties' dispute concerns an incontestable trademark CME owns that relates to a method it developed for financial institutions to assess the risk of portfolios. In June and July 2007, ICE Clear US and ICE Clear Europe (the "ICE Licensees") entered into license agreements with CME to use the mark. Those agreements terminated in June and July 2017, but the ICE Licensees continued to use the mark for at least some time after the agreements' termination. As indicated, CME asserted claims against the defendants for trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), parallel state law claims, and breach of contract, among other things.[1]

In its motion for summary judgment, CME contended that the ICE Licensees used the mark during the terms of the license agreements in a manner it contended the agreements did not permit. CME argued it was entitled to summary judgment on its claims for trademark violations and breach of contract based in part on this conduct. The defendants contended that they could not be held liable on claims for trademark violations or breach of contract during the terms of the license agreements because CME had not asserted such claims in its complaint.

On March 4, 2020, the Court granted each side's motion for summary judgment in part and denied each side's motion in part. *CME 2*, 2020 WL 1042038, at *22. The

---

[1] CME asserted claims of deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/1 and unfair competition under Illinois common law. These state law claims are subject to the same standards as the federal trademark infringement claims. *CME 2*, 2020 WL 1042038, at *10 n.8. The Court will refer to the state and federal trademark infringement and unfair competition claims collectively as claims involving "trademark violations."

Court concluded that CME's complaint did not contain well-pleaded facts supporting claims of trademark violations or breach of contract by the ICE Licensees during the terms of the license agreements and therefore that its assertion of claims for trademark violations or breach of contract during that particular timeframe constituted *de facto* amendments to the complaint. *Id.* at *17, 21. The Court declined to approve these *de facto* amendments, concluding that this would cause unreasonable delay and would unfairly prejudice the defendants. *Id.* at *18, 21. In the relevant sections of its opinion, however, the Court said this: "The Court . . . grants defendants' cross-motion for summary judgment on the trademark counterfeiting, trademark infringement, unfair competition, and parallel state law violations that CME alleges occurred during the term of the license agreements," *id. at* *18, and "the Court . . . grants summary judgment in favor of the defendants on the breach of contract claim as it pertains to claimed breaches during the agreements' terms," *id.* at *21. Similarly, at the end of the opinion, the Court indicated that it granted summary judgment on the claims for trademark violations and breach of contract "to the extent those claims concern violations that occurred during the term of the licenses." *Id.* at 22*.*

On April 1, 2020, CME moved under Federal Rule of Civil Procedure 59(e) to amend the Court's opinion. CME's motion focuses on the just-quoted language in the opinion.

**Discussion**

The rule cited by CME, Federal Rule of Civil Procedure 59(e), applies only to final judgments. The Court has not entered a final judgment, so Rule 59(e) does not apply. Rather, CME's motion invokes the Court's inherent authority to reconsider non-

3

final decisions before judgment is entered. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). The decision whether to reconsider a previous ruling is governed by the law of the case doctrine, *see Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006), which creates a presumption against reopening matters already decided in a case unless there is a compelling reason, such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *See, e.g., Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

CME does not ask the Court to reconsider the finding that it did not properly assert claims for trademark violations or breach of contract during the terms of the license agreements, nor does it challenge the Court's decision not to permit an amendment to the complaint to assert such claims. Instead, CME contends that in view of the Court's decision that it had not asserted such claims, the Court improperly granted summary judgment in favor of the defendants on the unasserted claims. CME asks the Court to amend its opinion or, in the alternative, clarity it.

The defendants, in turn, contend that the Court did not grant summary judgment in their favor on unpled legal claims. Instead, they contend, the Court limited the factual scope of CME's claims to the time period after the license agreements terminated and properly granted the defendants' cross-motion with regard to those claims as limited.

The Court agrees that a defendant cannot win summary judgment on a claim the

4

plaintiff never pleaded. *See, e.g.*, *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 n.15 (7th Cir. 2006); *Roby v. Greenlee Textron, Inc.*, No. 94 C 50294, 1995 WL 767819, at *5 (N.D. Ill. 1995) (a party "cannot obtain summary judgment on a matter not raised by the pleadings"). The parties seem to agree on that bottom line, too. But as the Court has indicated, there is language in its opinion that suggests the Court did grant summary judgment in the defendants' favor on claims it found CME had never pleaded. *See CME 2*, 2020 WL 1042038, at *18, *21–22.

The Court agrees with CME that it could not appropriately grant summary judgment against CME on a claim it concluded CME had not asserted. The Court will amend its opinion to remove the language indicating otherwise and will make it clear that it did not grant summary judgment against CME on trademark violations and breach of contract claims for conduct occurring before the license agreements' termination. Accordingly, it is not necessary for the Court to address CME's alternative request that it clarify the scope of judgment regarding those claims.

## Conclusion

For the foregoing reasons, the Court grants CME's motion to amend judgment [dkt. no. 223]. The Court will issue an amended memorandum opinion and order.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 12, 2020

5