IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC., )<br>)<br>        Plaintiff, )<br>)<br>    vs. )<br>)<br>ICE CLEAR US, INC.; ICE CLEAR )<br>EUROPE LIMITED; and )<br>INTERCONTINENTAL EXCHANGE, INC., )<br>)<br>        Defendants. ) | Case No. 18 C 1376 |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS**

Plaintiff Chicago Mercantile Exchange, Inc. (CME) has moved to dismiss its claims against defendant Intercontinental Exchange, Inc. (ICE) and to dismiss ICE's counterclaims as moot. ICE objects. It says that any dismissal of CME's claims against ICE should involve payment of its costs and attorney's fees; it argues that dismissal of CME's claims would not render ICE's counterclaims moot; and alternatively it asks to stay the case pending disposition of a matter pending before the U.S. Patent and Trademark Office.

The Court ruled on the motion orally during a hearing on July 28, 2020 and now enters this order memorializing its ruling.

**1.    Dismissal of CME's claims against ICE**

Federal Rule of Civil Procedure 41(a)(2) permits dismissal of CME's claims against ICE "on terms that the court considers proper." In this case, given the fact that CME litigated the claims—and thus caused ICE to litigate them—until nearly the eve of

trial, dismissal will be conditioned upon CME's payment of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. This condition is necessary "to offset the possible prejudice" to ICE. *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). ICE will be, upon dismissal, the prevailing party on CME's claims against it and thus entitled to costs. CME contends that costs should be denied because it has "achieved partial success throughout the proceedings," CME Reply at 15, but the proper focus here is CME's claims against ICE, and those claims are being dismissed with prejudice.

The Court declines to condition the dismissal upon payment by CME of ICE's attorney's fees. ICE does not actually ask for this as a condition. Rather, it contends that fees are a matter to be determined later and asks the Court to overrule CME's request to preclude a fee award. The Court agrees that this is a matter appropriately determined later following briefing.

The dismissal of CME's claims against ICE will also be conditioned upon CME providing ICE with a covenant not to sue regarding the trademarks and terms that CME has asserted against ICE. Though likely not necessary given the dismissal with prejudice of ICE's claims, providing a covenant not to sue is appropriate to provide further assurance that ICE will not be subject to a later suit for any claimed ongoing infringement of those marks. The form of the covenant not to sue will be that proposed by CME, but as addressed in the Court's oral ruling, it must include the following terms that CME has asserted against ICE in this litigation: SPAN Risk Manager Clearing and SPAN Real Time Component Interest. Terms that CME has identified or asserted in other proceedings need not be included, as those are not and have not been part of

CME's claims against ICE in this case.

**2.     ICE's counterclaims**

ICE has asserted defenses and counterclaims seeking an adjudication that the marks asserted by CME are invalid.  These defenses and counterclaims will be rendered moot by the dismissal with prejudice of CME's claims against ICE and,  the providing of the covenant not to sue, and thus they will be subject to dismissal.  With that, there will be no live controversy between CME and ICE.  Specifically, CME will have no pending claims against ICE, and ICE—as the beneficiary of a dismissal with prejudice and a covenant not to sue—will not be at any current or future risk of suit for infringement of the trademarks at issue in ICE's counterclaims (and defenses).  Accordinglythere will be no "case or controversy" between CME and ICE within the meaning of Article III of the Constitution and no "actual controversy" between them within the meaning of 28 U.S.C. § 2201(a).  *See, e.g., CIBER, Inc. v. CIBER Consulting, Inc.*, 326 F. Supp. 2d 886, 889 (N.D. Ill. 2004); *RLP Ventures, LLC v. All Hands Instruction NFP*, No. 19 C 3276, 2020 WL 1330376, at *5 (N.D. Ill. Mar. 23, 2020).  *See generally Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 585, 598 (9th Cir. 2014); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 99 (2d Cir. 2011).[1]

The fact that there is an ongoing controversy between CME and the other

---

[1] Rule 41(a)(2) says that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss [its claims against the defendant], the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2).  This is trumped, however, by the absence of a case or controversy within the meaning of Article III. *Nike, Inc.*, 663 F.3d at 94; *CIBER, Inc.*, 326 F. Supp. 2d at 889.

defendants, ICE Clear US and ICE Clear Europe, including trademark infringement claims, is of no consequence with respect to ICE's counterclaims. The other defendants have not asserted a claim for cancellation of CME's trademark registration(s), and they are barred from challenging the marks' validity by virtue of the doctrine of licensee estoppel. *See Chi. Mercantile Exchg. Inc. v. ICE Clear US, Inc.*, No. 18 C 1376, 2020 WL 1905760, at *10 (N.D. Ill. Apr. 17, 2020) (citing *Donald F. Duncan, Inc. v. Royal Tops Mfg. Co.*, 343 F.2d 655, 657 (7th Cir. 1965); *Chrysler Motors Corp. v. Alloy Auto. Co.*, 661 F. Supp. 191, 193 (N.D. Ill. 1987)). ICE is a separate entity from the other defendants, and thus the fact that CME has an ongoing controversy with other defendants has no bearing on whether there is a case or controversy as between CME and ICE.

**3. Costs and attorney's fees**

As indicated, CME's request for dismissal of its claims against ICE is conditioned upon its payment of costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. ICE's bill for costs is to be filed by August 21, 2020, and the Court will set a further briefing schedule once the bill for costs is filed.

As indicated earlier, it appears that ICE will also contend that it is entitled to attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), on the theory that this is an "exceptional case" within the meaning of that statute. This is a matter to be determined following entry of judgment. ICE's motion for attorney's fees—which should concern just the question of entitlement to fees, not the amount—is to be filed by September 4, 2020. The Court will set a further briefing schedule once the motion is filed.

**4. Issue of validity at upcoming trial**

Assuming CME accepts the conditions imposed on dismissal and provides the necessary covenant not to sue, the validity of the marks asserted against the other defendants will no longer be an issue for the upcoming trial on CME's claims against those defendants. As indicated, ICE Clear US and ICE Clear Europe are precluded from challenging validity, and ICE's defenses and counterclaim will no longer be part of the case.

**5. Request for stay pending TTAB proceeding**

ICE asks the Court, if it grants CME's motion for dismissal, to stay the upcoming trial pending resolution of trademark validity/cancellation proceedings pending before the Trademark Trial and Appeal Board (TTAB). The Court expresses no view regarding whether ICE may proceed with its challenge before the TTAB in view of the dismissal of CME's claims and its covenant not to sue; that is an issue for the TTAB to decide. That aside, the Court declines to order a stay. The TTAB proceedings have been stayed pending this case, so they are at an infancy stage. And some of CME's remaining claims in the present case are unrelated to the validity of its marks. The case before this Court is nearing its end, as it is set for trial on August 31, 2020. There is no reasonable basis to delay the trial at this point due to the TTAB proceeding.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion to dismiss its claims against defendant Intercontinental Exchange, Inc. and to dismiss that defendant's counterclaims as moot, conditioned upon plaintiff's providing of a covenant not to sue as described in this order and payment of Intercontinental Exchange, Inc.'s

costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Plaintiff is directed to verify on the record by no later than August 4, 2020 that it has tendered the covenant not to sue to defendant.  The Court will then dismiss the claims and counterclaims. Defendant's bill of costs is due by August 21, 2020, and its motion for attorney's fees is due by September 4, 2020.

Date:  July 31, 2020

                                                                                               _____
                                                                                                     MATTHEW F. KENNELLY
                                                                                   United States District Judge