IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHICAGO MERCANTILE EXCHANGE INC.,** | Case No. 18-cv-01376 |
| *Plaintiff; Counterclaim-Defendant*, | Hon. Matthew F. Kennelly |
| v. | Magistrate Judge Hon. M. David Weisman |
| **ICE CLEAR US, INC. AND ICE CLEAR EUROPE LIMITED,** | |
| *Defendants; Counterclaim Plaintiffs*. | |

**DEFENDANTS' POSITION ON CME'S LACK OF ENTITLEMENT
TO A JURY TRIAL ON ITS REQUEST FOR DISGORGEMENT**

The question of whether a party is entitled to a jury trial on the remedy of disgorgement under the Lanham Act, was already determined by this Court. *See Ariel Investments LLC v. Ariel Capital Advisors, LLC*, No. 15 C 3717, 2017 WL 1049464 at *2 (N.D. Ill. Mar. 20, 2017) ("**[T]he request for disgorgement of profits in a Lanham Act case is a claim for equitable relief that did not entitle Ariel Capital to a jury trial…. This legal issue likewise is not close**.") (Kennelly, J.) (int. cit. omitted) (emphasis added).

With no contrary binding authority from this Court and no superseding authority to point to, CME nonetheless suggests that this case is "procedurally and factually different" than the Court's ruling in *Ariel* because the plaintiff waived its right to a jury trial first and the defendants sought a jury trial on the question of disgorgement. (ECF No. 307 at fn. 3). However, that the defendants in *Ariel*, instead of the plaintiff, sought a jury trial on disgorgement is of no consequence to the legal question before this Court. Then – as now – the question is identical: whether a party is entitled to a jury trial on the remedy disgorgement for a Lanham Act claim. The answer should also be identical: no. The Court should therefore strike CME's jury demand.

Indeed, here CME has even less footing to request a jury trial on disgorgement than in Ariel because CME went so far as to voluntarily *waive all forms of compensatory or actual damages*. (ECF No. 250.) For the reasons explained *infra*, this resolves the constitutional inquiry and CME must accept that through its decision to waive damages, CME crystallized its loss of right to preserve for itself a jury trial.

There has also been no supervening change to the "established authority" the Court relied on to inform its determination that there is no entitlement to a jury trial in a trademark case where the remedy sought is disgorgement of profits. *Ariel Investments LLC*, 2017 WL 1049464 at *2; *relying on, Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991); *Fifty-Six Hope Rd.*

- 1 -

*Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990). To the contrary, since *Ariel*, sister Circuits have affirmed that a remedy of disgorgement of profits under the Lanham Act does not invoke a party's Seventh Amendment right to a jury trial. *See e.g., JL Beverage Co., LLC v. Jim Beam Brands Co.*, No. 18-16597, --- F. App'x. ---, 2020 WL 2765083, at *1 (9th Cir. May 27, 2020); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019) (analyzing historical case law on the remedy of disgorgement, finding that "[a]ll of this leads us to the conclusion that an accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial.") Moreover, in a seminal decision earlier this year, the Supreme Court re-emphasized that disgorgement of profits under the Lanham Act is an "equity practice." *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020).[1] If this Court concluded in 2017 that the issue of whether a plaintiff seeking disgorgement of profits under the Lanham Act is entitled to a jury trial was "not close," developments since then have rendered this legal issue "*even less* close" now. *Compare with Ariel Investments LLC*, 2017 WL 1049464 at *2.

## ARGUMENT

"Under Fed. R. Civ.P 38(a), there is a right to a jury trial where either the Seventh Amendment or an ordinary statute of the United States so requires." *Int'l Fin. Servs. Corp. v.*

---

[1] In *Romag Fasteners*, a jury initially provided a Court an advisory opinion on disgorgement. *See Romag Fasteners, Inc. v. Fossil, Inc.*, 817 F.3d 782, 784 (Fed. Cir. 2016), *cert. granted, judgment vacated on other grounds*, 137 S. Ct. 1373 (2017); *see also Continental Vineyard LLC, et. al v. Dzierzawski*, No. 12 C 3375, 2019 WL 2076248 at, *5 (N.D. Ill. May 10, 2019) ("[T]he jury's verdict is merely advisory on the issue of equitable disgorgement.") The Court noted during the August 6, 2020 status hearing that the jury instructions on this issue was not "authority." Regardless, the Court's decision in *Ariel* is not inconsistent with the fact that there are pattern jury instructions on trademark disgorgement of profits. Further, to the extent CME asks the Court to summon a jury purely for the purposes of rendering an advisory opinion on disgorgement, in light of the current public health crisis, its request is an inappropriate use of public resources and should be denied.

*Chromas Techs. Canada, Inc.,* 356 F.3d 731, 735 (7th Cir.2004). However, the Court can strike a jury demand where there is no federal right to a jury trial. Fed. R. Civ. P. 39(a)(2). Here, both parties have indicated to the Court that they are prepared to waive their right to a jury trial on all claims and remedies other than CME's request for disgorgement of profits. ICE is not aware of any authority supporting the proposition that the Lanham Act provides an independent right to a jury trial. *See e.g.*, *Black & Decker Corp. v. Positec USA, Inc.*, 118 F. Supp. 3d 1056, 1059-60 (N.D. Ill. 2015). Therefore, CME's request for a jury trial on the remedy of disgorgement appears to be limited to a constitutional argument. To resolve such constitutional challenges, courts apply a two pronged test: (1) compare the action to 18th-century actions brought in the Courts of England prior to the merger of the courts of law and equity; and (2) examine the remedy and determine whether it is legal or equitable in nature. *See id*. at 1060. The first prong is not dispositive because "[t]rademark law draws on principles developed both at law and in equity. *See id*. at 1060-61 (citing cases). Thus, CME's challenge boils down to the second prong: whether its request for disgorgement is equitable or legal in nature. Here, long-standing Seventh Circuit authority and CME's damage waiver remove any doubt that CME's disgorgement request is equitable in nature.

The Seventh Circuit has long held that disgorgement, a remedial measure that prevents a defendant from being unjustly enriched by his/her own misconduct, "is an equitable remedy with no right to a trial by jury." *Roberts v. Sears, Roebuck & Co.*, 617 F.2d 460, 465 (7th Cir. 1980); *see also e.g., F.T.C. v. Febre*, 128 F.3d 530, 537 (7th Cir. 1997) (under the Federal Trade Commission Act); *United States v. Tankersley*, 96 F. App'x 419, 422 (7th Cir. 2004) (same; "Of course, injunctions, restitution, and disgorgement are equitable remedies."); *Sec. & Exch. Comm'n v. Lipson*, 278 F.3d 656, 662-63 (7th Cir. 2002) (under the Securities Exchange Act of 1934, citing numerous authorities that disgorgement is an equitable remedy and finding that "it was for the

- 3 -

judge to decide…what equitable relief to impose"). As this Court has already determined, disgorgement in the Lanham Act context is no different. *See Ariel Investments LLC*, 2017 WL 1049464 at *2.

In the Seventh Circuit, an accounting of profits in the context of trademark infringement is based only on one or more of the following three rationales: (1) unjust enrichment; (2) deterrence; and (3) compensation. *See Badger Meter, Inc. v. Grinnell Corp.,* 13 F.3d 1145, 1157 (7th Cir. 1994). Some courts have carved out a narrow exception to the legal issue before the Court in *Ariel* where the rationale for a party's disgorgement request is based solely on the compensation rationale – as a proxy for actual damages. *See e.g.*, *Black & Decker Corp.*, 118 F. Supp. 3d at 1060-61 (citing cases). Following its damages waiver, CME cannot claim to meet this narrow exception. In *Black & Decker*, the court denied the defendants' motion to strike the plaintiff's jury demand, permitting a jury trial on disgorgement of profits under the Lanham Act. *See id*. at 1058. Importantly, the Court recognized that in evaluating the legal vs. equitable issue, "the Seventh Circuit's explanation of the purposes for an accounting" was paramount. *Id*. at 1061. After a close analysis of the approach taken elsewhere, the court concluded that the plaintiff was entitled to a jury trial *only* because its request for disgorgement of defendant's profits was based on a theory of compensation where "profits may function as a proxy for damages." *See id*. at 1061-68. Otherwise, disgorgement expressly based on unjust enrichment or deterrence rationales were equitable in nature and did not create an entitlement to a jury trial. *See id*. at 1064 ("Where a plaintiff contends that profits are a substitute for damages, but the evidence indicates otherwise, a court may strike a jury demand.")

Here, while CME has not articulated any rationale for its request for an accounting of profits (instead claiming none is necessary),[2] its disgorgement request is certainly not grounded in compensation. The Court entered CME's damages waiver on May 9, 2020—three months ago. (ECF No. 250.) Moreover, throughout the damages phase of this matter, CME has vociferously objected to any discovery related to its own financial information, confirming that it does not seek disgorgement as a "proxy for damages." (*See e.g.*, ECF No. 232 ("CME is seeking disgorgement of ICE's profits…. *This is an equitable remedy*…Thus the need for deterrence and to prevent unjust enrichment by an infringing defendant drives an award of profits.") (emphasis added); ECF No. 243 at 1 ("This type of detail regarding CME's financials, business operations and profits is simply not necessary or relevant to this litigation, in part because CME has formally waived its own lost profits."); *Id*. at 3 ("***This decision to focus on Defendants' wrongful profits is driven, in part, by the fact that preventing Defendants' unjust enrichment and deterring their willful infringement is more significant to CME than the dollar amount of lost license fees. Lost license fees do not fully measure the harm to CME***…") (emphasis added.)

CME cannot reverse course now. Far from the factual circumstances underlying *Black & Decker*, CME's disgorgement request here is an equitable remedy, not a legal one, and one that the Court has ultimate discretion over in any event. Indeed, the statutory language directs that if the Court finds CME's request for recovery based on profits is either "inadequate or excessive", the Court "may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a).

CME's potential election of statutory damages if it prevails on its counterfeiting claim does not magically make its request for relief compensatory. Even though, CME indicated at the August

---

[2] This methodological flaw renders the damages opinion of CME's expert unreliable, prejudicial and inadmissible. It will be the subject of a *motion in limine*, ICE intends to file on August 10, 2020.

- 5 -

7, 2020 status conference that it would waive its right to a jury trial on statutory damages for counterfeiting, a statutory award "must bear some relation to actual damages." *Luxottica USA LLC v. The P' & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *2 (N.D. Ill. June 18, 2015). And CME has voluntarily foreclosed itself from presenting evidence of its actual damage. *See Chanel, Inc. v. Banks*, No. WDQ-09-843, 2011 WL 121700, at *8 (D. Md. Jan. 13, 2011) (Recognizing the difficulty of calculating damages or profits in some trademark cases, "Congress enacted alternative statutory damages in 1996 to serve as a proxy for actual damages.")

Accordingly, ICE requests that the Court strike CME's request for a jury trial on the issue of disgorgement because this legal issue in light of CME's damages waiver remains "not close."

Dated: August 9, 2020

Respectfully submitted,

_/s/ Gina L. Durham_____
Gina L. Durham (Reg. No. 629684)
gina.durham@dlapiper.com
Michael A. Geller (Reg. No. 6305999)
michael.geller@dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street
Suite 900
Chicago, Illinois 60606-0089
Phone: (312) 368-4000
Fax: (312) 236-7516

Melissa Reinckens (admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 699-2700
Fax: (619) 699-2701
Melissa.reinckens@dlapiper.com

Paul A. Taufer (admitted *pro hac vice*)
paul.taufer@dlapiper.com

- 6 -

Michael Burns (admitted *pro hac vice*)
michael.burns@dlaiper.com
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
Phone: (215) 6560-3300
Fax: (215) 656-3301

Marc E. Miller (admitted *pro hac vice*)
marc.miller@dlapiper.com
Joshua Schwartzman (admitted *pro hac vice*)
joshua.schwartzman@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for Defendants ICE Clear US, Inc., ICE Clear Europe Limited, and Intercontinental Exchange, Inc.*