```
 1            IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
 2                    EASTERN DIVISION

 3   CHICAGO MERCANTILE EXCHANGE INC.,    )   Docket No. 18 C 1376
                                          )
 4                          Plaintiff,    )
                                          )
 5                vs.                      )
                                          )
 6   ICE CLEAR US, INC., et al.,          )   Chicago, Illinois
                                          )   August 7, 2020
 7                          Defendants.   )   10:30 o'clock a.m.

 8
               TRANSCRIPT OF PROCEEDINGS - MOTION
 9        BEFORE THE HONORABLE MATTHEW F. KENNELLY

10
     APPEARANCES:
11

12   For the Plaintiff:    NORVELL IP
                            BY:  MR. JOSEPH THOMAS KUCALA, JR.
13                          333 South Wabash Avenue, Suite 2700
                            Chicago, IL  60604
14                          (773) 321-0237

15
                            NORVELL IP LLC
16                          BY:  MR. JOSEPH V. NORVELL
                                 MR. THOMAS M. MONAGAN, III
17                          1776 Ash Street
                            Northfield, IL 60093
18                          (847)809-2212

19
                            CME GROUP INC.
20                          BY:  MR. MATTHEW JOSEPH KELLY
                            20 South Wacker Drive
21                          Chicago, IL  60606
                            (312) 930-1000
22

23
     Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
24                          Official Court Reporter
                            219 S. Dearborn Street, Suite 2102
25                          Chicago, Illinois  60604
                            (312) 435-5639
```

```
 1   For the Defendants:      DLA PIPER LLP (US)
                              BY:   MS. GINA L. DURHAM
 2                            555 Mission Street, Suite 2400
                              San Francisco, CA 94105
 3                            (415) 836-2506

 4
                              DLA PIPER LLP US
 5                            BY:   MR. PAUL ALBERT TAUFER
                              One Liberty Place
 6                            1650 Market Street, Suite 4900
                              Philadelphia, PA  19103
 7                            (215) 656-3300

 8
                              DLA PIPER LLP (US)
 9                            BY:   MR. JOSHUA SCHWARTZMAN
                              1251 Avenue of the Americas
10                            New York, NY 10020
                              212-335-4671
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (The following proceedings were had telephonically:)

2         THE CLERK:  Case 18 C 1376, Chicago Mercantile

3    Exchange v. ICE Clear.

4         THE COURT:  Let's start off with the attorney for the

5    plaintiff, giving the names of everybody who is on for the

6    plaintiff.

7         MR. KUCALA:  Good morning, your Honor.  This is Joe

8    Kucala on behalf of the plaintiff, along with Joe Norvell and

9    Tom Monagan, also from Norvell IP, and Matthew Kelly on behalf

10   of CME.

11        THE COURT:  All right.  And somebody can give me the

12   names of the folks that are on for the defendant --

13   defendants.  Excuse me.

14        Maybe we don't have them yet.  Is anybody on for the

15   defendants in CME v. ICE?

16        MS. DURHAM:  Your Honor, good morning.  Sorry.  I was

17   on mute.  This is Gina Durham from DLA Piper on behalf of the

18   ICE defendants.  With me from DLA is Paul Taufer and Josh

19   Schwartzman, and we also have Andy Richman from ICE.

20        THE COURT:  All right.  So I read what everybody gave

21   me.  And if I'm understanding it correctly -- and please

22   correct me if I'm wrong; I just want to make sure I'm

23   understanding what you're saying -- if I end up making a

24   ruling that there is no right to a jury trial on the

25   disgorgement remedy, then this is going to end up as a bench

1    trial.  If I end up ruling that there is a right to a jury

2    trial on the disgorgement remedy, then this is going to end up

3    as a jury trial -- at least partly as a jury trial except for

4    the injunction claim.  Am I understanding that right?

5              MR. KUCALA:  Your Honor --

6              THE COURT:  Go ahead.

7              MR. KUCALA:  Yes, your Honor.  If you rule that the

8    disgorgement is a jury issue, CME will like to keep --

9              THE COURT:  The jury.

10             MR. KUCALA:  -- the jury demand.

11             Otherwise, we would forego the right to a jury and

12   proceed with a bench trial on August 31st.

13             THE COURT:  All right.  And defense side, did they

14   state it correctly?

15             MS. DURHAM:  That's correct, your Honor.

16             THE COURT:  Okay.  So I -- and I appreciate that, you

17   know, CME wants to file something on that, but it's going to

18   have to be done quicker than what you're talking about.  And

19   here's why.  Because as of right now, we still got this

20   August 31st date, and if there -- and I haven't moved it yet,

21   and I haven't said I'm going to move it.  And so as of right

22   now, you're set for a jury trial on August the 31st.  And

23   given the restrictions that exist for travel and whatnot, if

24   people were to decide that, okay, we got to get in here in

25   enough time to -- so the mayor of the City of Chicago isn't

1   going to have us arrested for showing up in court, you know,

2   less than 14 days after we came into town, this has to be

3   decided very promptly by me. And that doesn't mean 14 days

4   and one hour before the trial starts; that means really

5   Monday.

6          And, you know, it's not my desire to tell people you

7   got to work on the weekend, but you probably do anyway, and

8   this is kind of part of the territory when you become a

9   litigating lawyer.

10          So the issues on this are pretty well defined. I

11   don't think we need a back and forth. It's simultaneous

12   briefs. And I'll give you two choices, and neither one of

13   them are good. I know which one I'd take, but it's not me

14   writing the stuff.

15          So choice one is 5:00 o'clock on Saturday, and choice

16   two is noon on Sunday.

17          So pick your poison. Mr. Kucala, you first. And

18   it's going to be the same for both sides. I just want to hear

19   what both sides have to say.

20          MR. KUCALA: Yeah. Well, we would go with 12:00 p.m.

21   on Sunday.

22          THE COURT: That's what I thought you'd say. Nobody

23   is like me.

24          Okay. On the defense side?

25          MS. DURHAM: Your Honor, we agree that this should be

1  decided as quickly as possible, and we could go with the

2  Saturday time.

3  THE COURT:  Okay.  So we're going to do Sunday.  But

4  you can file it early if you want.  There is no rule that says

5  that a brief that's due on -- you know, at 12:00 o'clock on a

6  particular day has to be filed at 11:59 and 58 seconds.  You

7  can file it on Saturday if you want.

8  So both parties -- here is what the order is going to

9  say.  Each side is directed to file a submission regarding the

10  right to a jury trial on the remedy of disgorgement -- and,

11  Melissa, if you want to send that language by me before you

12  enter it, that's fine -- by no later than 12:00 p.m. Central

13  Time on Sunday.

14  Then we are going to have another phone call on

15  Monday, and I just -- this is the tricky part for me because I

16  have to wedge you in a bunch of other stuff.  So give me just

17  a second here.

18  I am going to set it for 9:45 on Monday the 10th

19  using the same call-in number.  We'll just call it a status

20  hearing.

21  I think I maybe had one other question, but maybe

22  not.  Give me just a second.  I was furiously writing notes on

23  this thing as I went through it.

24  No, I guess not.  I may be confusing you with another

25  case.

1        No, that's it.  That's all I had.

2        Anybody want to ask me anything or tell me anything

3   before we get off the phone?

4        MS. DURHAM:  Your Honor, this is Gina Durham on

5   behalf of defendant.  We had raised in our submission

6   yesterday a request to brief our motion on continuance.  Will

7   your Honor --

8        THE COURT:  You know what?  I got to tell you.  There

9   is a saying that a lawyer once said to me is that paper

10  doesn't refuse ink.  You don't have to have leave to file a

11  motion for continuance, okay?

12       And you've known what the trial date is.  Everybody's

13  known since, you know, X that there's been a pandemic.  You've

14  known for X number of weeks, I said some of this yesterday,

15  that there's travel restrictions.  You don't need leave to

16  file a motion for a continuance.  You should file it -- you

17  should have filed it before -- you've made the argument

18  repeatedly in various status reports and other documents.

19       And so, yeah, I mean, what can I tell you?  You don't

20  need leave to file that motion.

21       MS. DURHAM:  Okay.  Thank you, your Honor.  We will

22  get that on file.  I'm sorry that we haven't gotten that

23  before.  There's just been a lot of issues --

24       THE COURT:  I don't need your apologies, okay?

25       So take care.  Have a good day.

1       MS. DURHAM:  Thank you.

2       Mr. Kucala, did you have anything you wanted to bring

3   up with me?

4       MR. KUCALA:  Yes, one question, your Honor.  If we

5   were to proceed with a full bench trial, would that be

6   proceeding on August 31st?

7       THE COURT:  That's what we are going to talk about on

8   Monday.

9       MR. KUCALA:  Okay.  Fair enough.  Thank you, your

10   Honor.  Bye.

11     (Which were all the proceedings had in the above-entitled

12   cause on the day and date aforesaid.)

13     I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.

14

15   Carolyn R. Cox                      Date
    Official Court Reporter
16   Northern District of Illinois
    /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR
17

18

19

20

21

22

23

24

25